Argued and submitted October 7, 1988, reversed and remanded with instructions to dismiss complaint May 17, 1989

## TEAMSTERS LOCAL 670,
*Respondent,*

*v.*

## UNITED FOODS, INC.,
*Petitioner.*

(ERB PU-4-87; CA A47670)

773 P2d 782

Thomas M. Triplett, Portland, argued the cause for petitioner. With him on the brief were Mildred J. Carmack and Schwabe, Williamson & Wyatt, Portland.

James W. Kasameyer, Portland, argued the cause for respondent. With him on the brief was Carney, Buckley, Kasameyer & Hays, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner (UFI) seeks judicial review of an order of the Employment Relations Board determining that UFI had engaged in an unfair labor practice by refusing to bargain with respondent (Union). ORS 663.120(4). It contends that UFI is not an "employer," as defined in ORS 663.005(4)(f), and that, even if it is, its mushroom workers are agricultural workers and, as such, are excluded from the statutory definition of "employe." ORS 663.005(3)(a). Because the first point is well taken, we reverse without reaching the second.

We take the facts from the parties' stipulation. In 1987, UFI acquired a mushroom farm in Salem. UFI does business in 48 states and has sales in excess of $100,000,000 per year. Prior to UFI's acquisition, the owner of the farm had entered into a collective bargaining agreement with Union covering approximately 320 employes who performed work as mechanics, packers and truckers, as well as those working directly in the cultivation and harvest of mushrooms.

On October 1, 1987, Union demanded recognition from UFI, which declined. On October 7, Union filed an unfair labor practice charge against UFI with the National Labor Relation Board. On October 8, NLRB advised Union that it would not "assert jurisdiction in matters affecting agricultural workers," because agricultural workers are not considered employes for the purposes of the National Labor Relations Act, 29 USC § 152(2); it requested that Union withdraw its charge. Union did so and then filed this complaint with ERB.

ERB concluded that UFI had violated ORS 663.120(4):

"It is an unfair labor practice for an *employer:*

"* * * * *

"(4)   To refuse to bargain collectively with the employes' exclusive representative, as defined in ORS 663.015."

ORS 663.005(4)(f) provides:

"(4)   'Employer' includes any person acting as an agent of an employer, directly or indirectly, but *does not include:*

"* * * * *

"(f)   Any person subject to the jurisdiction of the

National Labor Relations Board *under its existing jurisdictional standards,* pursuant to the Labor Management Relations Act of 1947, as amended (29 U.S.C. 141 to 187)." (Emphasis supplied.)

29 USC § 164(c)(1) provides the manner by which the NLRB asserts jurisdiction over an employer:

"The Board, in its discretion, may, by rule of decision or by published rules adopted pursuant to the Administrative Procedure Act, decline to assert jurisdiction over any labor dispute involving any class or category of *employers,* where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction: Provided, that the Board shall not decline to assert jurisdiction over any labor dispute over which it would assert jurisdiction under the standards prevailing upon August 1, 1959."[1] (Emphasis supplied.)

In essence, that statute ratified what NLRB had been doing in adopting standards for asserting jurisdiction over an employer, as summarized in *Siemons Mailing Service,* 122 NLRB 81 (1958). Those standards relate to the impact of the employer's activity on interstate commerce, which has been measured by the amount of overall sales and interstate sales and purchases. The NLRB evaluates the effect on commerce by considering the overall operations of the employer. *Dilene Answering Service, Inc.,* 216 NLRB 669 (1975). It established its jurisdictional standards for nonretail enterprises in *Siemons* as $50,000 gross inflow or outflow of interstate revenues. That standard remains substantially the same to the present day. *See Dilene Answering Service, Inc., supra.* ERB found that UFI's inflow and outflow of interstate revenues far exceeds the $50,000 jurisdictional standard.[2] UFI, therefore, is

---

[1] 29 USC § 164(c)(2) provides:

"Nothing in this subchapter shall be deemed to prevent or bar any agency or the courts of any State or Territory (including the Commonwealth of Puerto Rico, Guam, and the Virgin Islands), from assuming and asserting jurisdiction over labor disputes over which the board *declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction.*" (Emphasis supplied.)

This case, is not one in which the NLRB declined to assert jurisdiction pursuant to paragraph (1) of subsection (c).

[2] ERB found:

"15. The Salem, Oregon mushroom facility in the year, fiscal or calendar, immediately proceeding October 1, 1987, sold mushrooms with a value in excess of $2,000,000; more than $50,000 of said mushrooms were sold directly to third

subject to the jurisdiction of NLRB under its existing jurisdictional standards.

In disposing of this question, ERB reasoned:

"UFI, because of the breadth of its operations, may be subject to NLRB jurisdiction in various locations, but it is not subject to NLRB jurisdiction as to the Salem mushroom farm. The NLRB's jurisdiction does not include agricultural workers and the NLRB long has held that mushroom workers are engaged in agricultural labor. *Michigan Mushroom Co.*, 90 NLRB No. 119, 26 LRRM 1279 (1950). Because the employes at the Salem mushroom farm constitute an appropriate bargaining unit separate and distinct from the employes at other UFI operations, UFI is an employer subject to the state labor laws in its dealings with the mushroom farm employes."

Its reasoning is flawed, because its focus is on the employes not being protected by the federal law because they were excluded as agricultural employes. That, however, is not what ORS 663.005(4)(f) provides, although, constitutionally, Oregon might have been able to assert jurisdiction on that basis.[3] The statute clearly and unambiguously states[4] that one

---

parties outside the State of Oregon; and more than $50,000 of equipment and supplies were purchased directly from vendors located outside the State of Oregon. During all calendar quarters referred to above, the employer paid wages to members of the bargaining unit in excess of $1,000,000."

The finding is supported by substantial evidence.

[3] In *Hanna Mining Co. v. Marine Engineers Beneficial Assoc.*, 382 US 181, 86 S Ct 327, 15 L Ed 2d 254 (1965), the Court held that, when the NLRB had declined jurisdiction because supervisors are not employes within the meaning of the NLRA, the state could assert jurisdiction if the action taken by the state court was not otherwise preempted by the policies underlying the NLRA. The Court found no preemption in that case. *See also Beasley v. Food Fair of North Carolina, Inc.*, 416 US 653, 94 S Ct 2023, 40 L Ed 2d 2023 (1974). The parties have not briefed the question of whether ERB's action would be preempted by the NLRA and, in the light of our disposition, we need not consider that issue.

[4] If there be any doubt concerning the language used, the comments by Representative Kulongoski, who proposed the amendment that became ORS 663.005(4)(f), are enlightening:

"HB 2593 was a housekeeping or clarification of the existing law. Under the present law an employer under the preemption doctrine covered by the National Labor Relations Act is going to be exempt from the state act. If you look at the present statute you can see that they exempt certain individuals already and I want to call your attention to the Railway Labor Act and those employers who are included under that definition are excluded—what the bill does is clarify the existing case law and put it into the statute. So that *if you are an employer covered by the National Labor Relations Act or the Labor Management Relations Act of 1947, as amended, you would be exempt from the state Labor Management Relations Act.*" Minutes, Senate Labor Committee (April 14, 1975—Statement of Representative Kulongoski on HB 2593). (Emphasis supplied.)

who is "subject to the jurisdiction of the National Labor Relations Board *under its existing jurisdictional standards*" (emphasis supplied) is not an employer subject to the state act. Further, in defining "employe," the statute does not say that one is an employe if he is not protected by the federal act; rather, one is not an employe if the *employer* is subject to the jurisdiction of the NLRB *under its existing jurisdictional standards*. ORS 663.005(3)(i).[5]

The two subsections are consistent with one another, and ERB's findings bring UFI within the "existing jurisdictional standards" of NLRB to assert jurisdiction over UFI, even though particular employes may not be protected by the federal law. It follows, therefore, that UFI is not an employer within the meaning of the state Labor Management Relations Act and that ERB lacked jurisdiction over this dispute.

Reversed and remanded with instructions to dismiss complaint.

---

[5] ORS 663.005(3)(i) provides:

"(3) 'Employe' includes any employe, and is not limited to the employes of a particular employer unless ORS 663.005 to 663.295 explicity states otherwise, and includes any individual whose work has ceased as a consequence of, or in connection with, a current labor dispute and who has not obtained any other regular and substantially equivalent employment, but does not include an individual:

"* * * * *

"(i) Employed by an employer subject to the jurisdiction of the National Labor Relations Board under its existing jurisdictional standards, pursuant to the Labor Management Relations Act of 1947, as amended (29 U.S.C. 141 to 187)."