Argued and submitted November 30, 1994, affirmed March 8, petition for review allowed June 13, 1995 (321 Or 268)

# CENTRAL CATHOLIC EDUCATION ASSOCIATION,
*Petitioner,*

*v.*

# ARCHDIOCESE OF PORTLAND,
*Respondent.*

(PR-1-93; CA A81866)

891 P2d 1318

Gene Mechanic argued the cause for petitioner. With him on the briefs was Goldberg & Mechanic.

Thomas M. Triplett argued the cause for respondent. With him on the brief was Schwabe, Williamson & Wyatt.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Central Catholic Education Association (Association) seeks review of the Employment Relations Board's (ERB) dismissal for lack of jurisdiction of the Association's petition for certification as the exclusive representative of a bargaining unit consisting of lay teachers and other education-related personnel at a parochial school operated by respondent Archdiocese of Portland (Archdiocese). ERB concluded that the Archdiocese is an employer subject to the jurisdiction of the National Labor Relations Board (NLRB) and, therefore, under ORS 663.005(3)(i) and (4)(f), ERB lacks jurisdiction. The Association assigns error to that conclusion. We affirm.

■ ORS 663.005 provides, in relevant part:

"(3) 'Employee' includes any employee, and is not limited to the employees of a particular employer unless ORS 663.005 to 663.295 explicitly states otherwise, and includes any individual whose work has ceased as a consequence of, or in connection with, a current labor dispute and who has not obtained any other regular and substantially equivalent employment, but does not include an individual:

"* * * * *

"(i) Employed by an employer subject to the jurisdiction of the National Labor Relations Board under its existing jurisdictional standards, pursuant to the Labor Management Relations Act of 1947, as amended (29 U.S.C. 141 to 187).

"(4) 'Employer' includes any person acting as an agent of an employer, directly or indirectly, but does not include:

"* * * * *

"(f) Any person subject to the jurisdiction of the National Labor Relations Board under its existing jurisdictional standards, pursuant to the Labor Management Relations Act of 1947, as amended (29 U.S.C. 141 to 187)."

The quoted exceptions recognize that ERB's jurisdiction under ORS chapter 663 does not extend to matters that are within NLRB's jurisdiction; accordingly, ERB would not have jurisdiction here if the Archdiocese or the employees come within NLRB's jurisdiction. *See Teamsters Local 670 v. United Foods, Inc.*, 96 Or App 557, 773 P2d 782 (1989).

■    Here, ERB found that the Archdiocese "satisfies the financial-based jurisdictional standards of the NLRB," in the same way that the employer in *United Foods* did. ERB then found that the members of the proposed bargaining unit include "teachers, librarians, counselors and other professional employees in education related positions." However, ERB also found that there are some persons who work at the school in custodial and other jobs unrelated to education. Those non-educational employees are not included in the proposed unit.

The United States Supreme Court held in *NLRB v. Catholic Bishop of Chicago*, 440 US 490, 99 S Ct 1313, 59 L Ed 2d 533 (1979), that, for at least some purposes, the National Labor Relations Act (NLRA) does not confer jurisdiction on NLRB over labor relations of church-operated schools. There is a split of authority among lower federal courts about whether *Catholic Bishop* applies to all aspects of labor-management relations at such schools or, instead, precludes NLRB jurisdiction only with respect to matters involving the schools and teaching personnel. The Ninth Circuit took the latter view in *N.L.R.B. v. Hanna Boys Center*, 940 F2d 1295 (9th Cir 1991), and enforced NLRB's order requiring the religious facility to bargain with the representative of a bargaining unit consisting of non-teaching personnel. The Second Circuit reached the opposite conclusion in *Christ the King Regional High School v. Culvert*, 815 F2d 219 (2d Cir 1987). However, we need not decide which view to follow. Under applicable Oregon authority, the Archdiocese is subject to NLRB's jurisdiction and, therefore, beyond ERB's, regardless of whether the relevant body of employees is independently outside the jurisdiction of NLRB.

In *Teamsters Local 670 v. United Foods, Inc., supra*, we reversed ERB's conclusion that it had jurisdiction over a matter involving agricultural employees of the employer. Although agricultural workers are not covered by the NLRA, we concluded that the employer was subject to NLRB's jurisdiction for other reasons. Therefore, we concluded, the employer came within the jurisdiction of NLRB and was outside ERB's jurisdiction under ORS 663.005(4)(f). We explained:

"In essence, [29 USC § 164(c)(1)] ratified what NLRB had been doing in adopting standards for asserting jurisdiction over an employer, as summarized in *Siemons Mailing Service*, 122 NLRB 81 (1958). Those standards relate to the impact of the employer's activity on interstate commerce, which has been measured by the amount of overall sales and interstate sales and purchases. The NLRB evaluates the effect on commerce by considering the overall operations of the employer. *Dilene Answering Service, Inc.*, 216 NLRB 669 (1975). It established its jurisdictional standards for non-retail enterprises in *Siemons* as $50,000 gross inflow or outflow of interstate revenues. That standard remains substantially the same to the present day. *See Dilene Answering Service, Inc., supra.* ERB found that UFI's [United Foods, Inc.] inflow and outflow of interstate revenues far exceeds the $50,000 jurisdictional standard. UFI, therefore, is subject to the jurisdiction of NLRB under its existing jurisdictional standards.

"In disposing of this question, ERB reasoned:

" 'UFI, because of the breadth of its operations, may be subject to NLRB jurisdiction in various locations, but it is not subject to NLRB jurisdiction as to the Salem mushroom farm. The NLRB's jurisdiction does not include agricultural workers and the NLRB long has held that mushroom workers are engaged in agricultural labor. *Michigan Mushroom Co.*, 90 NLRB No. 119, 26 LRRM 1279 (1950). Because the employe[e]s at the Salem mushroom farm constitute an appropriate bargaining unit separate and distinct from the employe[e]s at other UFI operations, UFI is an employer subject to the state labor laws in its dealings with the mushroom farm employe[e]s.'

"Its reasoning is flawed, because its focus is on the employe[e]s not being protected by the federal law because they were excluded as agricultural employe[e]s. That, however, is not what ORS 663.005(4)(f) provides, although, constitutionally, Oregon might have been able to assert jurisdiction on that basis. The statute clearly and unambiguously states that one who is 'subject to the jurisdiction of the National Labor Relations Board *under its existing jurisdictional standards*' (emphasis supplied) is not an employer subject to the state act. Further, in defining 'employe[e],' the statute does not say that one is an employe[e] if he is not protected by the federal act; rather, one is not an employe[e] if the *employer* is subject to the jurisdiction of the NLRB

*under its existing jurisdictional standards.* ORS 663.005-(3)(i).

"The two subsections are consistent with one another, and ERB's findings bring UFI within the 'existing jurisdictional standards' of NLRB to assert jurisdiction over UFI, even though particular employe[e]s may not be protected by the federal law. It follows, therefore, that UFI is not an employer within the meaning of the state Labor Management Relations Act and that ERB lacked jurisdiction over this dispute." 96 Or App at 560-62. (Emphasis in original; footnotes omitted.)

The Archdiocese and ERB view this case as the practical clone of *United Foods*: here, as there, the employer is subject to NLRB's jurisdiction for some reasons and, although the employees directly involved in both cases happen not to come within NLRB's jurisdiction, the employers nevertheless do. The Association does not agree that *United Foods* applies in that way here, and also argues that, if that is what it means, we should overrule it.

We agree with ERB. The case is virtually indistinguishable from *United Foods*. We also decline petitioner's invitation to overrule that decision. Although it contains what some might regard as an anomaly—that an employer can be within NLRB's jurisdiction when its employees are not—we consider that result to be compelled by the text of ORS 663.005(3) and (4), for the reasons explained in *United Foods*. We are also unpersuaded that the result is anomalous. There is no presumptive legislative intent that all labor relations matters must necessarily fall within the federal or the state regulatory scheme. The legislative history here suggests that some instrumental legislators viewed the objective of ORS chapter 663 as filling a particular jurisdictional void that resulted from the small size of certain employers, as distinct from an across-the-board assertion of state regulation wherever federal regulation does not apply. In any event, *United Foods* is consistent with the statutory language and, as we indicated there, the policy choice was the legislature's to make.

We agree with ERB that it lacked jurisdiction. We need not reach the other issues.

Affirmed.